1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

KIMBERLY WELLS,

Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

Defendant.

No. 1:15-CV-03033-JTR

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

**BEFORE THE COURT** are cross-Motions for Summary Judgment.[1]  ECF

_____

[1]Under Local Rule 7.1(e)(1), a reply to a motion for summary judgement is
limited to ten (10) pages.  The Court takes notice that Plaintiff exceeded this ten-
page limitation with her Responsive Brief, which totaled sixteen pages, without an
order from the Court permitting counsel to exceed the page limit.  ECF No. 29.
Sanctions have been assessed in similar situations.  *See Kano v. National
Consumer Cooperative Bank*, 22 F.3d 899 (9th Cir .1994) (imposing $1,500
sanctions for failure to comply with FED. R. APP. P. 32(a) by not double spacing
and reducing the size of footnotes); *See In re MacIntyre*, 181 B.R. 420, 422 (9th
Cir. BAP 1995) (sanctioning appellant for using small type size and 26 footnotes in
apparent attempt to circumvent page limit for opening briefs); *See Adriana Intern.*

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

No. 19, 26.  Attorney D. James Tree represents Kimberly Wells (Plaintiff); Special
Assistant United States Attorney Summer Stinson represents the Commissioner of
Social Security (Defendant).  The parties have consented to proceed before a
magistrate judge.  ECF No. 7.  After reviewing the administrative record and the
briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for
Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and
**REMANDS** the matter to the Commissioner for additional proceedings pursuant to
42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and
Disability Insurance Benefits (DIB) on May 9, 2011, alleging disability since June
30, 2006, due to a pinched nerve in her neck, fibromyalgia, diabetes, sleep apnea,
high blood pressure, high cholesterol, insomnia, short term memory loss, left
shoulder pain, allergies, and problems with her equilibrium.  Tr. 278, 322-323,
327.  The applications were denied initially and upon reconsideration.  Tr. 160-
168, 172-190.  Administrative Law Judge (ALJ) Wayne N. Araki held a hearing on
April 30, 2013, at which Plaintiff, represented by counsel, and Kimberly Mullinax,
vocational expert (VE) testified.  Tr. 45-102.  The ALJ issued an unfavorable
decision on June 24, 2013.  Tr. 27-38.  The Appeals Council denied review on
December 30, 2014.  Tr. 1-4.  The ALJ's June 24, 2013, decision became the final
decision of the Commissioner, which is appealable to the district court pursuant to

_____

*Corp. v. Thoeren*, 913 F.2d 1406, 1417 (9th Cir. 1990), cert. denied, 498 U.S. 1109
(1991) (imposing sanctions for failure to comply with FED. R. APP. P. 32(a)).  The
Court expects counsel to be concise with his briefing and not recite unnecessary
facts or argument made in prior briefing.  Counsel should adhere to the mandates
of Local Rule 7.1(e) in all future pleadings **as the Court is inclined to strictly
enforce the page limits set out in Local Rule 7.1 from this date forward**.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 2

42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on February 24, 2015.  ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 36 years old at the alleged date of onset, June 30, 2006.  Tr. 278.  She completed the twelfth grade in 1988 and received some training in business skills in 1998.  Tr. 328.  She has past work as a bouncer, dispatcher, foreman, packer, and server.  Tr. 329.  Plaintiff reported she stopped working on June 30, 2008, because of her condition.  Tr. 328.

At the administrative hearing, Plaintiff described fibromyalgia, a pinched nerve, carpal tunnel, diabetes, insomnia, sleep apnea, and high blood pressure.  Tr. 63-74.  She testified that the impairments caused difficulties in using her hands such has dropping items and typing, pain and numbness in her hands that would wake her up during the night, numbness in her feet and arms, difficulty completing household chores, difficulty sleeping, difficulty holding the steering wheel, difficulty in holding her head in one position, and difficulty in sitting still.  Tr. 63-78, 81, 83.

On December 31, 2008, John Naiden, M.D., opined that Plaintiff was limited to a sedentary work level, but could not sustain work activity for any amount of time.  Tr. 616.  These limitations were in existence for six to twelve weeks while Plaintiff recovered from surgery.  Tr. 617.  On March 24, 2009, Andres Laufer,[2] M.D. opined that Plaintiff was limited to a sedentary work level and could sustain work activity for one to ten hours per week.  Tr. 619.  Dr. Laufer opined that these limitations would last for an unspecified number of months.  Tr. 620.  On July 14, 2009, Dr. Laufer opined that Plaintiff was limited to a sedentary work level, but

---

[2]The ALJ misspells his name as Andres Lavefen.  Tr. 34.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 3

she could not sustain work activity for any amount of time.  Tr. 623.  Again, he opined these limitations would be in effect for an unspecified number of months.  Tr. 624.  On October 29, 2009, Terri James from Workfirst opined that Plaintiff was limited to a sedentary work level, but was unable to sustain work activity for any amount of time.  Tr. 627.  Ms. James opined these limitations would last six months.  Tr. 629.  On December 2, 2011, Dr. Renzi opined that Plaintiff was limited to sedentary work and that the limitation would last twelve months.  Tr. 631.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097.  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 4

**SEQUENTIAL EVALUATION PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On June 24, 2013, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 30, 2006, the alleged date of onset. Tr. 29.

At step two, the ALJ determined Plaintiff had the following severe impairments: arthropathies vs. fibromyalgia and carpal tunnel syndrome. Tr. 29-31.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 31-32.

At step four, the ALJ assessed Plaintiff's residual function capacity (RFC) and determined she could perform a range of light work with the following

restrictions:

> [E]xcept the claimant can stand or walk in two hour intervals for eight hours per day and sit in two hour intervals for eight hours per day. The claimant can occasionally stoop, crouch, kneel, balance, and climb ramps and stairs. The claimant cannot crawl or climb ladders. She can frequently reach, handle, and finger.

Tr. 32. The ALJ found that Plaintiff was able to perform her past relevant work as a bouncer, dispatcher, front desk clerk, packing house supervisor, and customer service clerk. Tr. 35.

In the alternative to finding that Plaintiff could perform her past relevant work, the ALJ found that, considering Plaintiff's age, education, work experience and RFC, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform by applying the Medical Vocational Guidelines, Rule 202.21. Tr. 36.

The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from June 30, 2006, through the date of the ALJ's decision, June 24, 2013. Tr. 37.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to find obesity, cervical radiculopathy, and sleep apnea severe at step two; (2) failing to accord the proper weight to the medical opinions in the file; and (3) failing to properly consider Plaintiff's testimony about the severity of her symptoms.

## DISCUSSION

### A.     Step Two

A step two, the ALJ determined that Plaintiff had the severe impairments of arthropathies vs. fibromyalgia and carpal tunnel syndrome and non-severe

impairments of sleep apnea, hypertension, diabetes mellitus, depressive disorder, and anxiety disorder. Tr. 29-31. Plaintiff argues that the ALJ failed to address her obesity and cervical radiculopathy and that sleep apnea, which was determined to be non-severe, should have been found severe. ECF No. 19 at 4-18.

The Defendant argues that any error in designating specific impairments severe or not at step two does not prejudice a claimant so long as step two is resolved in the claimant's favor and cites *Burch v. Barnhart,* 400 F.3d 676 (9th Cir. 2005) as support. ECF No. 26 at 4. This is a misstatement of *Burch*. In *Burch*, while the ALJ did not find the impairment of obesity severe at step two, he did discuss the claimant's obesity in his decision and considered it in forming the RFC. *Id.* at 683. The *Burch* court assumed that the ALJ's failure to address obesity at step two was legal error but concluded that the error harmless because it would not have impacted the ALJ's analysis at either steps four or five, which did address obesity. *Id.* at 682.

In this case, the ALJ's decision is void of any discussion or consideration of obesity and cervical radiculopathy. Therefore, this case diverges from *Burch*. These impairments were not addressed at steps two through five. The failure of an ALJ to consider the impact of Plaintiff's obesity and cervical radiculopathy cannot be considered harmless error under *Burch*. *See e.g. Petersen v. Barnhart*, 213 Fed. Appx 600, 605 n.3 (9th Cir. 2006).

Furthermore, the step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. §§ 404.1521(a), 416.921(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d

1273, 1290 (9th Cir. 1996) (internal quotation marks omitted).

Pursuant to the SSA's own internal procedures, once a claimant has shown that she suffers from a medically determinable impairment, she next has the burden of proving that these impairments or their symptoms affect her ability to perform basic work activities.  S.S.R. 96-3p; S.S.R. 96-7p.  If she meets this burden, the ALJ *must* find that the impairment is "severe" and move to the next step in the SSA's five-step process.  S.S.R. 96-3p.

Here, there is evidence that Plaintiff suffered from both obesity and cervical radiculopathy.  Plaintiff's BMI ranged from 47.1 to 53.4.  Tr. 567, 641, 724.  The ALJ gave some weight to Dr. Stanley's opinion, who included obesity as a severe impairment.  Tr. 135.  The ALJ gave Dr. Drenguis's opinion great weight, Tr. 35, and Dr. Drenguis diagnosed Plaintiff with C5-6 radiculopathy.  Tr. 555.  The ALJ cannot ignore evidence of an impairment presented by Plaintiff.  *See* 20 C.F.R. § 404.1520(a)(3) ("We will consider all evidence in your case record when we make a determination or decision whether you are disabled").  As such, the ALJ was required to address these impairments and make a determination whether or not they were severe and include any resulting limitations in the RFC.  *See* S.S.R. 96-8p (the RFC must include limitations resulting from all impairments, both severe and non-severe).

Therefore, the case is remanded for the ALJ to address Plaintiff's obesity and cervical radiculopathy and determine if they are severe or non-severe at step two and address any resulting limitations in a new RFC.

As for Plaintiff's diagnosis of sleep apnea, the ALJ concluded that since Plaintiff testified that she slept better with a CPAP machine, her sleep apnea was not severe.  Tr. 29.  This finding is not supported by substantial evidence.  The ALJ relied on a single statement while ignoring the further explanation provided by Plaintiff and ignoring the medical evidence of record.  When asked if her medication helps her sleep, she testified that "sometimes it does, sometimes it

doesn't."  Tr. 71.  When asked "Does [the CPAP] seem to be helping?" to which Plaintiff responded "Yes."  Tr. 72.  She further explained that her CPAP has been helping with her sleep apnea, but she continues to experience fatigue and difficulty sleeping.  Tr. 71-72.  Furthermore, medical evidence showed that Plaintiff reported continued difficulty sleeping even with the use of the CPAP.  Tr. 653.  Since the case is being remanded for additional proceedings to address Plaintiff's obesity and cervical radiculopathy, the ALJ is instructed to further address Plaintiff's sleep apnea at step two and to include any resulting limitations in a new RFC.

**B.    Medical Opinion Evidence**

Plaintiff challenges the weight given to John Naiden, M.D., Andres Laufer, M.D., Paula Renzi, D.O., and occupational therapist, Terri James.  ECF No. 19 at 19-22.  In his decision, the ALJ gave "little weight" to the opinions of Dr. Naiden, Dr. Laufer, and Dr. Renzi, all of whom limited Plaintiff to a sedentary work level, because they were inconsistent with the imaging findings and were inconsistent with the physical examination findings.  Tr. 34.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians:  (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician.  *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).  When a treating physician's opinion is contradicted by another physician, the ALJ is only required

to provide "specific and legitimate reasons" for rejecting the opinion of the treating physician. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Likewise, when an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Lester*, 81 F.2d at 830. When an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion of the examining physician. *Id.* at 830-831.

Plaintiff asserts that the specific and legitimate standard is appropriate in this case. EFC No. 19 at 19. Defendant asserts that the ALJ's determination need only be supported by more than a scintilla of evidence to be upheld. ECF No. 26 at 10. In accord with *Murray* and *Lester*, the correct standard is specific and legitimate.

First, the ALJ determined that the limitations to sedentary work were not supported by the May 2009 MRI or the May 2012 MRI. Tr. 34. The ALJ noted that the May 2009 MRI showed "only mild impingement of the cervical spine at C5-6,"[3] and the May 2012 MRI showed "only small central protrusions at C5-6 and C6-7 discs with mild stenosis of the canal." *Id*. Additionally, the ALJ determined that the opinions of Dr. Naiden, Dr. Laufer, and Dr. Renzi were inconsistent with findings that Plaintiff had full motor strength throughout the extremities, intact gait, and a full range of motion in the upper and lower extremities. Tr. 34.

Stating that the "medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings" does not meet the specific and legitimate standard. *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988). The ALJ is required to do more than offer his

---

[3] The May 14, 2009, MRI showed degenerative disc disease at C5-6 and C6-7 and small subligamentous left paracentral disc herniation, impinging slightly on the neural foramen on the left at C5-6. Tr. 456.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 10

conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Id*. Here, the ALJ simply repeated the objective findings, but did not explain why these objective findings merited weight, but the doctors' other conclusions and opinions did not. Therefore, these reasons do not meet the specific and legitimate standard, and the ALJ is directed to readdress these opinions upon remand.

Furthermore, Dr. Laufer's opinions were based on Plaintiff's cervical radiculopathy and he received copies of Plaintiff's treatment for cervical radiculopathy by other providers. Tr. 442-444, 446-448, 451-452, 454, 458, 461, 463-464, 604-605, 619, 623. Likewise, Dr. Renzi treated Plaintiff for cervical radiculopathy and reviewed records from Dr. Kwon, who also treated Plaintiff for cervical radiculopathy. Tr. 430-440, 446-454, 458, 576-579. Since the case is being remanded for the ALJ to address cervical radiculopathy, it is also appropriate that the ALJ readdress the opinions of Dr. Laufer and Dr. Renzi.

Plaintiff also asserts that the ALJ failed to address the opinion of occupational therapist, Terri James, provided in October of 2009. ECF No. 19 at 21-22. Terri James provided an opinion on October 26, 2009, stating that Plaintiff was unable to participate in work activities and was limited to lifting and carrying up to five pounds frequently with occasional carrying of up to ten pounds maximum and that these limitations would last for six months. Tr. 414-416. The ALJ does reference an opinion from October 2009, but characterizes it as an opinion provided by Dr. Laufer. Tr. 34. Therefore, it is unclear if the ALJ actually failed to address the opinion from Ms. James, or if he mistakenly assumed it was from Dr. Laufer. Nonetheless, the case is already being remanded to address the medical source opinions addressed above, so the ALJ is also directed to address the opinion of Ms. James on remand.

**C.   Credibility**

Plaintiff contests the ALJ's adverse credibility determination in this case.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 11

ECF No. 19 at 22-29.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834.  "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff less than fully credible concerning the intensity, persistence, and limiting effects of her symptoms.  Tr. 33.  The ALJ reasoned that Plaintiff was less than fully credible because (1) her physical and mental symptom reporting was not supported by the longitudinal examination findings and (2) her limited work activity in 2007 and 2008 indicated that Plaintiff's daily activities, had been greater than what Plaintiff reported.  Tr. 33-34.

As for the ALJ's first reason, that Plaintiff's symptom reporting was not supported by examination findings, alone is not sufficient to meet the specific, clear and convincing standard.  Objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects," but it cannot be the sole reason. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Considering the other reason provided by the ALJ for finding Plaintiff less than fully credible is insufficient to meet the specific, clear and convincing standard, this reason standing alone cannot support an adverse credibility finding.  *See infra*.

The ALJ also found "[w]hile her work activity did not rise to the level of substantial gainful activity, it does indicate that the claimant's daily activities have, at least at times, been somewhat greater than what the claimant has generally reported." Tr. 34. This is not a specific, clear and convincing reason to discount credibility, because it does not identify what activities impeach which of Plaintiff's

statements. See Lester, 81 F.3d at 834 ("the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints").

This Court is aware of *Carter v. Astrue*, an unpublished opinion upholding an ALJ's fifth reason for discounting credibility in a case where the claimant worked part time for nearly a year after his alleged onset date. 472 F. App'x 550, 552 (9th Cir. 2012). The specifics of claimant's statements and activities in that case are not apparent, but the case law cited by the *Carter* court approves the requirement of "specific findings" regarding "daily activities involving skills." Further, the language of the *Carter* court appears to invoke established law on the impeachment of credibility by the specifics of daily living, and not a new category of impeachment by part time work *per se*. For these reasons, and the ALJ's failure to cite specific facts in the case at bar, *Carter* is distinguishable.

As such, the ALJ is directed to readdress Plaintiff's credibility on remand.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). *See also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See*

*Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to make a new step two determination, to reweigh the medical opinion evidence, and to make a new credibility finding. Upon remand, the ALJ will also need to supplement the record, reconsider the medical evidence, and, if necessary, call a medical expert or vocational expert or both to properly address steps two through five.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1.    Defendant's Motion for Summary Judgment, **ECF No. 26**, is **DENIED**.

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3.    Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED February 18, 2016.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION . . . - 14